OPINION Baum, Judge: Tbe only issue remaining for decision is whether petitioner was entitled to tax credits under section 38, I.R.C. 1954, in respect of its investment in greenhouses. Petitioner’s greenhouse expenditures qualified for such credits if the greenhouses constituted “section 38 property.” That term is defined by section 48 (a) (1), which provided as follows in respect of the years at issue: SEC. 48. DEFINITIONS; SPECIAL RULES. (a) Section 38 Property.— (1) In general. — * * * the term “section 38 property” means— (A) tangible personal property, or (B) other tangible property (not including a 'building and its structural components) but only if such property— (i) is used as an integral part of manufacturing, production, or extraction or of furnishing transportation, communications, electrical energy, gas, water, or sewage disposal services, or (ii) constitutes a research or storage facility used in connection with any of the activities referred to in clause (i) * * * Such term includes only property with respect to which depreciation (or amortization in lieu of depreciation) is allowable and having a useful life (determined as of the time such property is placed in service) of 4 years or more. [Emphasis supplied.] There is no disagreement between the parties that the greenhouses were not “tangible personal property.” Their sole difference in regard to the structures’ qualification under section 48(a)(1)(B), relating to “other tangible property,” is whether or not the greenhouses were “buildings.” The Commissioner has determined that they were, and we agree. In terms of their physical appearance and function, petitioner’s greenhouses were certainly “buildings” in the ordinary sense of the word. They had steel and aluminum frames, concrete floors, and glass walls and roofs which completely enclosed a large volume of space. They were built over concrete foundations. The materials of which they were constructed were commonly used building components, and the structures were permanent in nature. They had doors, vents which resembled windows, and heating systems. A corps of petitioner’s employees regularly spent full workdays inside the structures, engaging in a broad range of activities related to the processing of commercially marketable plants. As many' as 50 persons sometimes worked in a greenhouse at once, often making use of an assortment of mar,binary and equipment. All of these characteristics are associated with “buildings” as that term is commonly understood. Petitioner contends, however, that “building” is not used in its ordinary sense in section 48(a) (1) (B), but rather in a “technical” sense which excludes highly specialized structures such as greenhouses. But Congress has made it clear that— The term “building” is to be given its commonly accepted meaning, that is, a structure or edifice enclosing a space within its walls, and usually covered by a roof. It is the basic structure of an improvement to land the purpose of which is, for example, to provide shelter or housing or to provide working, office, display, or sales space. The term would include, for example, the basic structure used as a factory, office building, warehouse, theater, railway or bus station, gymnasium, or clubhouse. * * * [H. Rept. No. 1447, 87th Cong., 2d Sess., p. A18 (1962); S. Rept. No. 1881, 87th Gong., 2d Sess., pp. 154-155 (1962).] Consistent with the foregoing principles, section 1.48-1 (e) (1) of the regulations provides as follows: Sec. 1.48-1 Definition of section 38 property. (e) Definition of building and structural components. (1) Buildings and structural components thereof do not qualify as section 38 property. The term “building” generally means any structure or edifice enclosing a space within its walls, and usually covered by a roof, the purpose of which is, for example, to provide shelter or housing, or to provide working, office, parking, display, or sales space. The term includes, for example, structures such as apartment houses, factory and office buildings, warehouses, barns, garages, railway or bus stations, and stores. Such term includes any such structure constructed by, or for, a lessee even if such structure must be removed, or ownership of such structure reverts to the lessor, at the termination of the lease. Such term does not include (i) a structure which is essentially an item of machinery or equipment, or (ii) a structure which houses property used as an integral part of an activity specified in section 48(a) (1) (B) (i) if the use of the structure is so closely related to the use of such property that the structure clearly can be expected to be replaced when the property it initially houses is replaced. Factors which indicate that a structure is closely related to the use of the property it houses include the fact that the structure is specifically designed to provide for the stress and other demands of such property and the fact that the structure could not be economically used for other purposes. Thus, the term “building” does not include such structures as oil and gas storage tanks, grain storage bins, silos, fractionating towers, blast furnaces, basic oxygen furnaces, coke ovens, brick kilns, and coal tipples.[1] In our view, petitioner’s greenhouses resembled the examples of “buildings” in the regulations more closely than those structures which the regulations declare not to be “buildings.” Any of the first group of structures would ordinarily be thought of as a “building” in terms of its physical attributes as, we think, would petitioner’s greenhouses. The structures in the second group, on the other hand, would generally be regarded as either “storage facilities” or “machines” rather than “buildings.” To be sure, the greenhouses participated directly in the processing of growing plants, but to characterize them as “machines” on this account would distort the commonly understood meaning of that term. The greenhouses were more than just processing chambers, for a substantial amount of employee activity took place in them. They shared with the first group of structures in the regulations the characteristic of frequent and regular human occupation. By contrast, those in the second group would ordinarily be entered by persons, if at all, only for purposes of maintenance or to bring in or remove goods. Such goods would usually be processed or stored in these structures entirely without the participation of human workers. Cf. Robert E. Catron, 50 T.C. 306, 315-316. The activities of petitioner’s employees in the greenhouses were, as petitioner has stressed, supplemental to the structures’ function of constructing an environment conducive to controlled plant growth. The regulations provide that the “term ‘building’ generally means any structure * * * the purpose of which is, for example, to provide shelter or housing, or to provide working, office, parking, display, or sales space” (emphasis supplied). Although the regulations do not expressly include structures whose purpose is similar to that of petitioner’s greenhouses, its enumeration of purposes is obviously illustrative rather than exhaustive. Cf. Robert E. Catron, 50 T.C. at 311. Such language, must be read in light of the congressional dictate that the “term ‘building’ is to be given its commonly accepted meaning.” Cf. Joseph Henry Moore, 58 T.C. 1045, 1052-1053. The greenhouses plainly served as working areas in conjunction with their function of conditioning the environment. In the circumstances, we think that their overall purpose was within the broad range of purposes contemplated by the regulations. Petitioner has relied upon Central Citrus Company, 58 T.C. 365; Robert E. Catron, 50 T.C. 306; Adolph Coors Co., 27 T.C.M. 1351; Rev. Rul. 71-359, 1971-2 C.B. 62; Rev. Rul. 71-104, 1971-1 C.B. 5; Rev. Rul. 69-557, 1969-2 C.B. 3; Rev. Rul. 69-412, 1969-2 C.B. 2; Rev. Rul. 68-132, 1968-1 C.B. 14; Rev. Rul. 66-215, 1966-2 C.B. 11; and S. Rept. No. 92-437, 92d Cong., 1st Sess., pp. 29-30 (1971). None of the facilities considered not to be “buildings” in these cited cases or materials bore as striking a physical resemblance to a “building” as did petitioner’s greenhouses. Nor did any of such facilities, in contrast to the greenhouses, provide “working space” where a substantial number of persons were frequently and regularly occupied. By these standards the greenhouses were like the structures held to be “buildings” in Robert E. Catron, 50 T.C. at 312-313; Rev. Rul. 66-156, 1966-1 C.B. 11; Rev. Rul. 66-299, 1966-2 C.B. 14; and Rev. Rul. 68-209, 1968-1 C.B. 16. It is of no consequence that petitioner considered its greenhouses to be exempt from county building permit requirements. Section 1.48-1(c), Income Tax Eegs., provides that “Local law shall not be controlling for purposes of determining whether property is or is not ‘tangible’ or ‘personal,’ ” and we think that local law is likewise irrelevant to a determination of whether property is a “building” under section 48(a) (1) (B) of the Code. In any event, the Monterey County ordinances which were presumably applicable to petitioner’s facilities at Salinas provided that certain “building[s] or structure^] * * * used primarily for agricultural, [or] horticultural * * * purposes” required no building permits. Thus, petitioner’s greenhouses may have been exempt from permit requirements, and yet have constituted “buildings” under local law. We hold that they were “braidings” under section 48(a) (1) (B) of the Code and that petitioner’s claimed investment credits in respect of such structures were properly disallowed. Decision will be entered under Rule 50. The regulation was recently amended to read as above by T.D. 7203, 37 Fed. Reg. 17123 (1972). The first four sentences of the regulation were left unchanged by T.D. 7203. Prior to amendment and during the years at issue, the remainder of the regulation read as follows: “Such term does not include (i) a structure which is essentially an item of machinery or equipment, or (ii) an enclosure ivhich is so closely combined with the machinery or equipment which it supports, houses, or serves that it must be replaced, retired or abandoned contemporaneously. with such machinery or equipment, and which is depreciated over the life of such machinery or equipment. Thus, the term “building” does not include such structures as oil and gas storage tanks, grain storage bins, silos, fractionating towers, blast furnaces, coke ovens, brick kilns, and coal tipples.” We think that petitioner’s greenhouses must be characterized as “buildings” under either version of the regulation.